IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TODD GROSSMAN, | ) |
| | ) |
| Plaintiff, | )   3:14-cv-00610 |
| | ) |
| v. | ) |
| | ) |
| KINGSMAN ACQUISITION FIRM, | ) |
| INC., and TIMOTHY ROBINSON, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the plaintiff, TODD GROSSMAN, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendants, KINGSMAN ACQUISITION FIRM, INC., and TIMOTHY ROBINSON, the Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. TODD GROSSMAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Fall River, County of Columbia, State of Wisconsin.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to CashNet USA (hereinafter, "the Debt").

1

6. The debt that Plaintiff allegedly owed CashNet USA was for a loan, which was for the personal use of Plaintiff and/or used for household expenditure.

7. KINGSMAN ACQUISITION FIRM, INC., and TIMOTHY ROBINSON purchased, acquired and/or otherwise obtained the debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. KINGSMAN ACQUISITION FIRM, INC., (hereinafter, "Kingsman") is a business entity engaged in the collection of debt within the State of Wisconsin Kingsman's principal place of business is located in the State of New York.

10. The principal purpose of Kingsman's business is the collection of debts allegedly owed to third parties.

11. Kingsman regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Kingsman sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Kingsman acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Kingsman acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15. Defendant, TIMOTHY ROBINSON, (hereinafter "Robinson") is an individual who, upon information and belief, was at all relevant times residing in the State of New York

16. Upon information and belief, at all relevant times, Robinson was acting as an Owner, Officer, Director, Manager and/or agent of Kingsman.

17. Upon information and belief, at all relevant times, Robinson was vested with the responsibility to manage Kingsman.

18. Upon information and belief, at all relevant times, Robinson was responsible for the management and/or affairs of Kingsman.

19. Upon information and belief, at all relevant times, Robinson was responsible for the day to day operations of Kingsman.

20. Upon information and belief, at all relevant times, Robinson was responsible for the supervision of Kingsman's employees, agents and/or representatives that were attempting to collect debts.

21. Upon information and belief, at all relevant times, Robinson was responsible for the management of Kingsman's employees, agents and/or representatives that were attempting to collect debts.

22. As such, at all relevant times, Robinson acted as a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

**COUNT I: TODD GROSSMAN v. KINGSMAN ACQUISITION FIRM, INC.**

23. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

24. On or about July 7, 2014, Kingsman contacted the Plaintiff at his place of employment in an effort to collect the aforementioned Debt.

25. Said representative of the Kingsman identified himself as a lawyer working on behalf of CashNet USA.

26. Upon information and belief, said representative was not a lawyer.

27. During the course of the aforementioned telephone call between Plaintiff and Kingsman, Plaintiff specifically advised Kingsman that his employer does not permit him to accept calls of such nature while he is at work.

28. On or about July 8, 2014, despite being advised that Plaintiff's employer prohibits him from receiving calls such as those from Kingsman, Kingsman proceeded to initiate a telephone call to Plaintiff at his place of employment.

29. On July 8, 2014, when contacting Plaintiff's place of employment, Kingsman proceeded to contact Plaintiff's co-worker.

30. During the course of the aforementioned telephone call, Kingsman's representative did not identify himself and did not state that he was calling to confirm or correct location information.

31. During the course of the aforementioned telephone call, Kingsman's representative disclosed the name of Kingsman despite not being expressly requested to do so.

32. During the course of the aforementioned telephone call to Plaintiff's co-worker, Kingsman proceeded to question Plaintiff's co-worker as to whether said co-worker was going to be helping Plaintiff with the debt, and why said co-worker would be getting involved in the case.

33. During the course of the aforementioned telephone conversation, Kingsman disclosed that it was a debt collector and that Plaintiff owed a debt.

34. Plaintiff's co-worker did not request that he be contacted by Kingsman.

35. Kingsman did not reasonably believe that location information provided by Plaintiff's co-worker was incomplete or erroneous or that Plaintiff's co-worker had more complete information as to Plaintiff's location.

36. Plaintiff did not consent to Kingsman contacting third parties.

37. Kingsman proceeded to contact Plaintiff's co-worker on more than one other occasion.

38. During the conversation with Kingsman's representative, said person advised Plaintiff that Plaintiff could be arrested at his workplace and prosecuted for writing worthless checks, that he could have his wages garnished and could end up in prison

39. Kingsman's representations as stated above had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the debt on which it was attempting to collect.

40. Plaintiff had not engaged in criminal conduct with respect to the debt on which it was attempting to collect.

41. Kingsman's representation that Plaintiff had engaged in criminal conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which it was attempting to collect.

42. Kingsman's representation that Plaintiff could go to jail relative to the debt on which it was attempting to collect misrepresented the character, status and/or legal nature of the debt on which it was attempting to collect.

43. Kingsman's representations that Plaintiff could go to jail were statements made by Kingsman to Plaintiff in an attempt to disgrace Plaintiff.

5

44. At the time Kingsman made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt he allegedly owed.

45. At the time Kingsman made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt he allegedly owed.

46. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Kingsman first having secured a judgment against Plaintiff for the alleged debt.

47. Kingsman's July 7, 2014, call to Plaintiff was the initial communication with Plaintiff.

48. At no time in the July 7, 2014, communication with Plaintiff did Kingsman advise Plaintiff that unless Plaintiff, within thirty days after receipt of said correspondence, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

49. On July 8, 2014, Kingsman sent written correspondence to Plaintiff.

50. The aforesaid correspondence did not contain a statement that unless Plaintiff, within thirty days after receipt of said correspondence, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

51. The aforesaid correspondence stated that Kingsmant "reserves the right to execute all interest, fees, and penalties as well as file additional charges under applicable state laws."

52. The aforesaid information contained in the correspondence overshadowed and obfuscated Plaintiff's right to dispute the debt he allegedly owed and to seek validation of said debt.

53. The aforementioned correspondence contains a threat of impending legal action to collect on the debt allegedly owed by Plaintiff.

54. Kingsman has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

55. In its attempts to collect the debt allegedly owed by Plaintiff, Kingsman violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

 a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

 b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

 c. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

 d. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

 e. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

 f. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

 g. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

7

> h. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);
>
> i. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);
>
> j. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);
>
> k. Failed to comply with the provisions of 15 U.S.C. §1692g(a);
>
> l. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

56. As a result of Kingsman's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TODD GROSSMAN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against KINGSMAN ACQUISITION FIRM, INC., as follows:

> a. All actual compensatory damages suffered;
>
> b. Statutory damages of $1,000.00;
>
> c. Plaintiff's attorneys' fees and costs; and,
>
> d. Any other relief deemed appropriate by this Honorable Court.

### COUNT II:
### TODD GROSSMAN v. TIMOTHY ROBINSON

57. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

58. In its attempts to collect the debt allegedly owed by Plaintiff to CashNet USA, Robinson violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

c. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

d. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

e. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

f. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

g. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

h. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

i. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

j. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

k. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

      l. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

59. As a result of Robinson's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TODD GROSSMAN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant, TIMOTHY ROBINSON, as follows:

      a. All actual compensatory damages suffered;

      b. Statutory damages of $1,000.00;

      c. Plaintiff's attorneys' fees and costs; and,

      d. Any other relief deemed appropriate by this Honorable Court.

## V.    JURY DEMAND

60. Plaintiff hereby demands a trial by jury on all issues so triable.

> Respectfully submitted,
> **TODD GROSSMAN**
>
> By:   s/ Larry P. Smith
>       Attorney for Plaintiff

Dated: September 9, 2014

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com